ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| DE DIEGO PARKING, LLC<br><br>Parte Peticionaria<br><br><br>v.<br><br><br><br>CONSEJO DE TITULARES CONDOMINIO PLAZA DE DIEGO<br><br>Parte Recurrida | TA2026CE00609 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sala: 506<br><br>Caso Núm.:<br>SJ2020CV03647<br><br>Sobre:<br>Impugnación de Asamblea Anual Ordinaria y Resoluciones y Acuerdos del Consejo De Titulares |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de mayo de 2026.

Compareció ante este Tribunal la parte peticionaria, De Diego Parking, LLC (en adelante, "De Diego" o "Peticionario"), mediante petición de *certiorari* presentada el 14 de mayo de 2026. Nos solicitó la revocación de la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"), el 20 de abril de 2026. A través del referido dictamen, el foro de instancia declaró "No Ha Lugar" la "**Moción de Sentencia Sumaria**" presentada por el Consejo de Titulares Condominio Plaza de Diego (en adelante, el "Consejo" o "Recurrido") y la "**Moción en Oposición a Moción de Sentencia Sumaria y nen Solicitud de Sentencia**" presentada por De Diego.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* ante nos.

### I.

La controversia ante nuestra consideración tuvo su génesis el 14 de julio de 2020, fecha en la cual De Diego presentó una "**Demanda**" contra el Consejo mediante la cual impugnó la Asamblea Anual Ordinaria celebrada el 10 de marzo de 2020, así como determinadas resoluciones y acuerdos adoptados en ésta. En

síntesis, alegó ser propietario de 166 unidades de estacionamiento constitutivas de fincas independientes que operan como estacionamiento público y forman parte del Condominio Plaza de Diego, ubicado en San Juan, Puerto Rico. Asimismo, sostuvo que el 12 de septiembre de 2014 adquirió dichas unidades y que, adicionalmente, posee el uso y disfrute exclusivo mediante un contrato de arrendamiento a largo plazo con opción de compra de otra unidad de estacionamiento independiente integrada a la operación del estacionamiento público.

Asimismo, indicó que el 24 de febrero de 2020, el presidente de la Junta de Directores del Consejo emitió una convocatoria para la Asamblea Ordinaria Anual del Condominio. Según expuso, se fijó la primera reunión para el 10 de marzo de 2020 a las 4:00 p.m., en el salón de conferencias ubicado en el sótano del Condominio y, de no alcanzarse el quórum requerido, dispuso una segunda convocatoria para el 11 de marzo de 2020 a las 7:30 p.m. en el mismo lugar. Alegó que dichas fechas contravenían abiertamente el Reglamento del Condominio, el cual dispone que la asamblea anual ordinaria debe celebrarse durante la tercera semana del mes de febrero de cada año natural.

Adujo, además, que la convocatoria no le fue debidamente notificada, en violación al Reglamento y a la Ley Núm. 129-2020, según enmendada, mejor conocida como la "Ley de Condominios de Puerto Rico", 31 LPRA sec. 1921 *et seq.*, puesto que no se remitió mediante correo certificado. Sostuvo que la entrega en las unidades de estacionamiento no era viable, según requiere el Reglamento, y que tampoco autorizó expresamente el envío mediante correo electrónico ni la entrega en oficinas pertenecientes a otra entidad jurídica.

Igualmente, señaló que la agenda incluida en la convocatoria incorporaba, un asunto relacionado con la imposición de un aumento en la cuota especial atribuida a De Diego por el supuesto uso intensivo de áreas comunes y privativas del estacionamiento, sin detallar la cuantía correspondiente ni las razones específicas que justificaban tal alegación. En ese sentido, argumentó que se pretendía imponer un cargo adicional no solo por el alegado uso intensivo de elementos comunes del Condominio, sino también por el uso de elementos privativos correspondientes a las unidades de estacionamiento. Destacó que dicho aumento equivalía a un incremento aproximado de un 29% sobre las cantidades

que actualmente satisfacía por concepto de mantenimiento y cuota especial, lo que elevaría el pago anual a $80,112.00.

Asimismo, sostuvo que el aumento pretendido por el Consejo resultaba arbitrario y caprichoso, al no responder a la realidad operacional del Condominio ni a los costos y gastos efectivamente incurridos por éste. Añadió que la inclusión, sin previo aviso ni incorporación en la agenda divulgada en la convocatoria, de un asunto adicional relacionado con el cobro de $500.00 mensuales por concepto de renta sobre un espacio común limitado utilizado para el cobro del estacionamiento era improcedente. Alegó que dicha determinación constituía una imposición adicional dirigida específicamente contra De Diego, sin la debida notificación previa y en detrimento del uso de un área común limitada destinada al beneficio de las unidades de estacionamiento de su propiedad, todo ello sin observar los procedimientos reglamentarios y legales aplicables.

En atención a lo anterior, le solicitó al TPI que declarara "Ha Lugar" la "**Demanda**" presentada y en consecuencia: (1) decretara la nulidad de la Asamblea Anual Ordinaria, así como de las decisiones, acuerdos y resoluciones allí adoptadas; (2) declarara improcedente y eliminara la cuota especial impuesta por el alegado uso intensivo de elementos comunes, en la medida en que excediera aquellos gastos razonablemente atribuibles a las unidades de estacionamiento; (3) invalidara y dejara sin efecto la imposición de un canon de arrendamiento sobre un elemento común limitado e (4) impusiera el pago de gastos, costas y honorarios de abogado.

Posteriormente, el 14 de enero de 2021, el Consejo presentó una "**Contestación a Demanda y Reconvención**", mediante la cual negó la mayoría de las alegaciones formuladas en su contra y aclaró, entre otras cosas, que: (1) existía controversia respecto a la cantidad de unidades de estacionamiento pertenecientes a De Diego; (2) la Asamblea se celebró en los predios del Condominio Plaza De Diego; (3) se colocó personal y rotulación adecuada para orientar a los asistentes sobre el lugar de la reunión, ello en consideración al riesgo de contagio que implicaba celebrarla en un espacio cerrado; (4) la agenda divulgada en la convocatoria cumplía con los requisitos mínimos exigidos por el Reglamento y la legislación aplicable; y (5) la cuota especial impuesta a De Diego

fue aprobada por mayoría en una Asamblea válidamente constituida, por lo que procedía su cobro.

En cuanto a la *Reconvención* presentada, el Consejo alegó que la cuota especial impuesta a las referidas unidades de estacionamiento, las cuales constituyen fincas independientes, fue establecida válidamente debido al uso intensivo de los elementos comunes del inmueble. Afirmó, además, que el Peticionario no había satisfecho el pago correspondiente a dicha cuota especial y que adeudaba aproximadamente $8,000.00, más intereses y costas. Precisó que dicha suma continuaría aumentando a razón de $1,000.00 mensuales, más intereses y penalidades, hasta su completo pago. En virtud de ello, le solicitó al foro primario que declarara "No Ha Lugar" la "**Demanda**" incoada en su contra y condenara a De Diego al pago de las sumas adeudadas.

Luego de varios trámites procesales impertinentes a la controversia ante nos, el 18 de octubre de 2021, el Consejo presentó una "**Solicitud de Sentencia Sumaria**", mediante la cual sostuvo que no existían controversias de hechos materiales que impidieran la disposición sumaria del caso. Particularmente, argumentó que no existía disputa en torno a que las determinaciones adoptadas durante la Asamblea Anual fueron realizadas conforme a los requisitos establecidos en la Ley de Condominios, *supra*, y en el Reglamento del Condominio Plaza De Diego. En consecuencia, sostuvo que la cuota impuesta al Peticionario era válida y que las cantidades reclamadas eran líquidas, vencidas y exigibles. Por su parte, el 23 de mayo de 2022, De Diego presentó su correspondiente "**Oposición a la referida solicitud de sentencia sumaria**". No obstante, mediante *Resolución* emitida el 3 de junio de 2022, el TPI declaró "No Ha Lugar" la referida petición, al concluir que subsistían hechos esenciales en controversia. Posteriormente, el 4 de agosto de 2022, se celebró la correspondiente vista evidenciaria.

En ese contexto, el 7 de octubre de 2022, el foro de instancia dictó una *Sentencia Parcial* mediante la cual concluyó que la convocatoria a la Asamblea había sido debidamente notificada y, por ende, que dicha notificación era válida. Del mismo modo, determinó que De Diego no compareció a la Asamblea en controversia pese a haber sido correctamente notificado y que ni de las alegaciones de la "**Demanda**" ni de la prueba presentada surgía justificación alguna para su

ausencia. Así las cosas, desestimó la "**Demanda**" por falta de jurisdicción, al concluir que no se cumplió con el requisito jurisdiccional necesario para instar una acción de impugnación de una asamblea, toda vez que el Peticionario no compareció a la misma pese a haber sido debidamente notificada. No obstante, determinó que la *Reconvención* presentada permanecería pendiente para su adjudicación.

Inconforme con dicha determinación, De Diego acudió en apelación ante este Tribunal mediante el recurso identificado con el alfanumérico KLAN202300573. Así, el 10 de junio de 2024, un panel hermano de este Tribunal confirmó la *Sentencia Parcial* apelada, al concluir que De Diego había sido correctamente notificado de la Asamblea y que no justificó adecuadamente su ausencia. Posteriormente, tras la denegatoria de una petición de *certiorari* presentada ante el Tribunal Supremo, la referida *Sentencia Parcia*l advino final, firme e inapelable.

Más adelante, durante la vista sobre el estado de los procedimientos celebrada el 3 de abril de 2025, el foro primario autorizó al Consejo a enmendar su *Reconvención*. Una vez presentada dicha enmienda, se le concedió a De Diego un término para someter su contestación correspondiente. Asimismo, el Tribunal otorgó a las partes términos adicionales para la presentación de mociones dispositivas.

En consecuencia, el 15 de abril de 2025, el Consejo presentó una *Reconvención Enmendada.* Mediante e sta, reclamó el pago de las cantidades adeudadas por concepto de la cuota especial fijada en $1,000.00 mensuales por el uso intensivo de elementos comunes y, además, solicitó el pago de las cantidades correspondientes al canon de arrendamiento por el uso del espacio de oficina ubicado en el área de estacionamiento, establecido en $500.00 mensuales. Igualmente, solicitó que se condenara al Peticionario al pago de aproximadamente $53,786.00 al 31 de marzo de 2025, más intereses, penalidades, costas y aquellas cantidades que continuaran acumulándose hasta el saldo total de la deuda.

Posteriormente, el 5 de mayo de 2025, De Diego presentó su "**Contestación a la Reconvención Enmendada**". En esencia, alegó que no procedía el pago de la supuesta deuda ni de las penalidades, intereses y costas reclamadas, por

entender que tales cargos contravenían la ley y la escritura matriz del Condominio. En consecuencia, solicitó, entre otros remedios, que se declararan nulas e inválidas tanto la cuota especial como el canon de arrendamiento relacionado con el área de oficina y que se impusiera al Consejo el pago de honorarios de abogado, gastos y costas del pleito.

Posteriormente, el 11 de junio de 2025, el Consejo presentó una "**Moción de Sentencia Sumaria**". En síntesis, sostuvo que no existía controversia alguna respecto a las sumas adeudadas por concepto de cuota especial y canon de arrendamiento aprobados en la Asamblea celebrada el 11 de marzo de 2020, así como respecto a los intereses, penalidades y honorarios de abogado reclamados, conforme a las disposiciones del Reglamento del Condominio Plaza de Diego. Alegó que De Diego adeudaba cargos por mora ascendentes a $8,950.00, así como penalidades por la suma de $26,622.60. Además, reclamó que el Peticionario venía obligado a responder por costas, gastos y honorarios de abogado que, al mes de junio de 2025, alegadamente totalizaban $57,360.25. Igualmente, sostuvo que las partidas adeudadas por De Diego conforme al Reglamento del Condominio Plaza de Diego ascendían, para junio de 2025, a la suma total de $152,718.85. Por ello, le solicitó al TPI que dictara sentencia sumaria a su favor, declarando "Ha Lugar" la *Reconvención Enmendada* y ordenando a De Diego al pago de las cantidades antes mencionadas.

Posteriormente, el 1 de julio de 2025, De Diego presentó una "**Moción en Oposición a Moción de Sentencia Sumaria y en Solicitud de Sentencia**". Mediante esta, sostuvo que existían controversias sustanciales de hechos materiales que impedían la procedencia de un pleito de cobro sustentado, según alegó, en una deuda ilegal. En particular, argumentó que las irregularidades y violaciones a la Ley de Condominios, *supra*, a la Escritura Matriz y al Reglamento, desde la emisión de la convocatoria hasta la adopción de las determinaciones tomadas en la Asamblea Anual de 2020, imposibilitaban la procedencia de la acción de cobro contenida en la *Reconvención Enmendada*.

Asimismo, De Diego sostuvo que el Tribunal no había adjudicado en los méritos la legalidad de dichas determinaciones, razón por la cual su validez o invalidez no constituía cosa juzgada. Igualmente, impugnó la legalidad tanto de la

cuota especial como del canon de arrendamiento reclamado, así como la aplicabilidad de los intereses, penalidades y honorarios de abogado solicitados. A esos efectos, acompañó una declaración jurada suscrita por su contador, mediante la cual se cuestionaban los cálculos relacionados con el principal, intereses y penalidades reclamados por el Consejo.

De igual forma, De Diego alegó que el Consejo había renunciado a reclamar el cobro relacionado con el arrendamiento del estacionamiento, al no haber incluido dicha reclamación en la *Reconvención* original, pese a tratarse, según sostuvo, de una reclamación compulsoria. En virtud de ello, solicitó que se declarara "Ha Lugar" su *Oposición* y, en consecuencia, se dictara sentencia desestimando la *Reconvención enmendada.*

Más adelante, el 21 de agosto de 2025, el Consejo presentó una "**Oposición a Moción de Sentencia Sumaria de De Diego Parking, LLC**". En esencia, argumentó que gran parte de los hechos propuestos por De Diego recaían sobre asuntos previamente adjudicados mediante la *Sentencia Parcial* final y firme confirmada por este Tribunal en el caso KLAN2023000573, así como por la denegatoria del recurso de *certiorari* AC 2024-0059 por parte de nuestro Tribunal Supremo. Además, sostuvo que la validez de los acuerdos adoptados en la Asamblea del Condominio Plaza de Diego celebrada en marzo de 2020, mediante los cuales se impusieron la cuota especial y el canon de arrendamiento a De Diego, había advenido final, firme e inapelable. Del mismo modo, alegó que, conforme al Reglamento del Condominio, dichas cantidades generaban intereses, penalidades y honorarios de abogado.

Finalmente, luego de evaluar los escritos presentados por ambas partes, el foro *a quo* emitió una *Resolución* mediante la cual declaró "No Ha Lugar" tanto la "**Moción de Sentencia Sumaria**" presentada por el Consejo como la "**Moción en Oposición a Moción de Sentencia Sumaria y en Solicitud de Sentencia presentada por De Diego**". Insatisfecho con dicha determinación, De Diego presentó una "**Moción de Reconsideración Parcial de Resolución y en Solicitud de Modificaciones y Determinaciones de Hechos y Derecho Adicionales**", mediante la cual argumentó, entre otras cosas, que no procedía imponer penalidades al amparo de los Artículos 39 y 59 la Ley de Condominios, *supra*,

respecto a un canon de arrendamiento ni sobre una cuota especial adicional. No obstante, dicha solicitud fue declarada "No Ha Lugar" mediante *Resolución* emitida el 19 de abril de 2026.

Inconforme con lo resuelto por el TPI, el Peticionario acudió ante este Tribunal mediante el recurso de epígrafe, en el cual señaló la comisión de los siguientes errores:

A. Erró el TPI al determinar, como cuestión de derecho, que se encontraba impedido de considerar las defensas afirmativas de De Diego Parking, LLC ("DDP") frente a una reconvención enmendada de cobro de dinero, confundiendo la desestimación jurisdiccional previa de la demanda de impugnación con un impedimento absoluto para defenderse de una deuda nula e inexigible, en directa contravención a la norma establecida por el Honorable Tribunal Supremo ("TS") y en violación al debido proceso de ley.

B. Erró el TPI al no desestimar sumariamente las alegaciones relacionadas al cobro del alegado canon de arrendamiento, sin existir un arrendamiento, negándose a adjudicar como cuestión de estricto derecho que el CT renunció a dicha reclamación al omitirla en su Reconvención original del año 2021, tratándose de una reconvención compulsoria sujeta a la doctrina de incuria al presentarla en la Reconvención Enmendada más de cuatro años después.

C. Erró el TPI al no desestimar la Reconvención Enmendada, permitiendo que se use el proceso judicial para cobrar una deuda que no es líquida ni exigible, fundamentada en determinaciones ultra vires y nulas, permitiendo el cobro de una cuota especial en violación del mandato de la Escritura Matriz sobre la división proporcional de gastos de mantenimiento y reparación del edificio de estacionamiento y autorizando el cobro de un canon de renta sobre un elemento común limitado sobre el cual el CT carece de titularidad y dominio.

D. Erró el TPI al no desestimar la Reconvención Enmendada por falta de parte indispensable, ignorando lo dispuesto en la Escritura Matriz que exige que todos los gastos de mantenimiento y reparación del edificio de estacionamiento se dividan proporcionalmente entre todos los titulares y, además, el CT pretende gravar un estacionamiento arrendado cuyo titular registral no ha sido traído al pleito.

E. Erró el TPI al limitar los procedimientos a un cálculo matemático de la alegada deuda, evadiendo adjudicar como cuestión de estricto derecho que las penalidades estatutarias del 10%, el recargo del 1% mensual y los honorarios de abogado son estatutariamente inaplicables a cuotas especiales o a cánones de arrendamiento, conforme al texto claro de la Ley de Condominios y el Reglamento.

F. Erró el TPI al denegar la Sentencia Sumaria a favor de DDP, negándose a adoptar las determinaciones de hechos materiales e incontrovertidos propuestos por DDP, los cuales estaban sustentados en prueba documental irrefutada y admisiones propias del CT, que derrotan la acción de cobro del CT, conforme a la Regla 36 de las Reglas de Procedimiento Civil.

El 22 de mayo de 2026, el Consejo presentó "**Alegato en Oposición a Expedición de Auto de *Certiorari***".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR 314, 336 (2023). Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición

de un auto de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023).

En lo pertinente, la precitada disposición reglamentaria establece lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**III.**

En el presente caso, el Peticionario nos solicitó la revocación de la *Resolución* emitida por el TPI mediante la cual se declaró "No Ha Lugar" la "**Moción en Oposición a Moción de Sentencia Sumaria y en Solicitud de Sentencia**" presentada por De Diego.

Los señalamientos de error esgrimidos guardan estrecha relación entre sí, por lo que procede atenderlos de manera conjunta. En esencia, el Peticionario sostiene que el TPI incidió al: (1) negarse a desestimar la *Reconvención Enmendada* presentada por el Consejo, pues el cobro de la deuda es nula e inexigible porque fueron impuestas ilegalmente y este último renunció a reclamar la misma al no acumular la causa de acción en la *Reconvención* original; (2) al limitar el alcance de las defensas presentadas; (3) al concluir que subsistían controversias de hechos materiales que impedían la adjudicación sumaria del pleito; y (4) al evadir determinar si el cobro de las penalidades reclamadas sobre la cuota especial y el canon de arrendamiento son válidos.

Tras una evaluación detenida del expediente ante nuestra consideración, al igual que los autos electrónicos del foro recurrido, encontramos que el TPI no incidió, ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco el Peticionario demostró que el foro de instancia actuó con prejuicio o cometiera un error manifiesto en su determinación.

Ello adquiere especial pertinencia en el presente caso, toda vez que del expediente surge que la controversia relacionada con la legalidad de la convocatoria y de las determinaciones adoptadas durante la Asamblea Anual celebrada en marzo de 2020 fue previamente atendida por el foro *a quo* mediante *Sentencia Parcial*, la cual advino final, firme e inapelable tras ser confirmada por este Tribunal y posteriormente, por la denegatoria del recurso de *certiorari* ante el Tribunal Supremo. En dicha determinación, el TPI concluyó que De Diego fue debidamente notificado de la Asamblea y que, al no comparecer a esta sin justificación válida, incumplió con el requisito jurisdiccional necesario para impugnar judicialmente los acuerdos allí adoptados.

En consecuencia, debido a que previamente se determinó que el foro de instancia carecía de jurisdicción para atender una impugnación relacionada con los acuerdos adoptados en la Asamblea, no procedía reexaminar en esta etapa planteamientos dirigidos nuevamente a cuestionar la legalidad de dichas determinaciones, según fueron consignados en el recurso que nos ocupa. Dicho de otro modo, el Peticionario no puede utilizar los asuntos contenidos en la

*Reconvención Enmendada* como vehículo para relitigar controversias relacionadas con la validez de los acuerdos aprobados en la referida Asamblea.

En cuanto a los planteamientos de derecho sobre la legalidad de las penalidades, intereses y cargos por mora que el Consejo persigue recobrar sobre la cuota especial, el Artículo 38 (f) de la derogada Ley de Condominios, *supra*, dispone que la cuota especial por uso intenso de cualquier elemento común será exigible como parte de los gastos comunes atribuibles a dicho apartamento, lo cual, apoya la determinación del foro *a quo* a los fines de que la misma acumula dichas penalidades e intereses. 31 LPRA sec. 1293b(f).

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la determinación judicial recurrida y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones